# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 12-2150

———————————————

United States of America

*Plaintiff - Appellee*

v.

Jerry Earl Troupe, Jr.

*Defendant - Appellant*

————————

Appeal from United States District Court
for the Western District of Missouri - Springfield

————————

Submitted: January 31, 2013
Filed: February 14, 2013
[Unpublished]

————————

Before MURPHY, SMITH, and COLLOTON, Circuit Judges.

————————

PER CURIAM.

Jerry Troupe directly appeals the within-Guidelines-range sentence the district court[1] imposed after he pled guilty to a child-pornography charge. He entered his

—————————————

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

guilty plea pursuant to a written plea agreement containing a partial waiver of his appeal rights. Troupe's counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court imposed a sentence that was greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a). Troupe has filed a pro se supplemental brief, claiming that he received ineffective assistance of counsel.

To begin, we conclude that Troupe's pro se ineffective-assistance claim is not barred by the appeal waiver, but we decline to address it on direct appeal. See United States v. McAdory, 501 F.3d 868, 872-73 (8th Cir. 2007) (appellate court ordinarily defers ineffective-assistance claim to 28 U.S.C. § 2255 proceedings).

We further conclude that counsel's argument on appeal is barred by the appeal waiver because (1) the record reflects that Troupe entered into the plea agreement and the appeal waiver knowingly and voluntarily, (2) counsel's argument falls squarely within the scope of the waiver, and (3) no miscarriage of justice would result from enforcing the waiver in this case. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (setting forth criteria for enforcing appeal waiver).

Having reviewed the record pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. Accordingly, we dismiss this appeal, and we grant counsel's motion to withdraw, subject to counsel informing Troupe about procedures for seeking rehearing or filing a petition for certiorari.

_____